# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JAMES MOORE**,

    Petitioner,

v.                                                                           Case No. 8:22-cv-1598-WFJ-MRM

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER

Before the Court is James Moore's ("Petitioner") Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkts. 3 & 11).[1] The United States of America ("Respondent") has responded in opposition (Civ. Dkts. 10 & 14). Upon careful review, the Court finds an evidentiary hearing unnecessary denies Petitioner's Motion.

## BACKGROUND

Between June 14, 2019, and October 31, 2019, Petitioner participated in a conspiracy to distribute cocaine and heroin in the Middle District of Florida. Cr. Dkt.

---

[1] In this civil case, citations to the civil docket will be denoted as "Civ. Dkt. [document number]." Citations to Petitioner's prior criminal case, 8:20-cr-220-WFJ-MRM-5, will be denoted as "Cr. Dkt. [document number]."

S-390 at 6. He was ultimately charged with three counts in an eleven count indictment lodged against all the conspirators: Count I—conspiracy to distribute and possess with intent to distribute controlled substances in violation of the Controlled Substance Act (the "CSA"), 21 U.S.C §§ 846(b)(1)(A) and 841(b)(1)(B); and Counts IX & X—distributing a controlled substance containing a detectable amount of cocaine in violation of §§ 841(a)(1) and 841(b)(1)(C). Cr. Dkt. 1 at 1–7.

On August 3, 2021, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing cocaine in violation of section 846. Cr. Dkt. 271 at 1. The Court held a change-of-plea hearing two days later. Cr. Dkt. 461. After a series of questioning—during which Petitioner admitted to the facts underlying his plea agreement, expressed his understanding of the rights he was waiving, and stated his satisfaction with counsel—the Court found that Petitioner was entering into his guilty plea both freely and voluntarily with the advice of counsel. *Id.* at 9–19. The Court accepted the plea.

Prior to sentencing, the United States Probation Office produced a Presentence Investigation Report ("PSR"). Cr. Dkt. S-390. The PSR established a thirty point base offense level. *Id.* at 13. Petitioner was then given: (1) a seven point career offender enhancement pursuant to U.S.S.G. §4B1.1 due to Petitioner's prior adult state felony convictions for controlled substance offenses, and instant

controlled substance offense; and (2) a three point deduction due to Petitioner's acceptance of responsibility. *Id.* at 13–14. With a total offense level of thirty-four points and a criminal history category of IV, the PSR calculated Petitioner's advisory guidelines at a range of 262 to 327 months' imprisonment. *Id.* at 33.

On March 3, 2022, the Court held a sentencing hearing. Cr. Dkt. 462. Neither Petitioner nor Respondent objected to the PSR's findings. *Id.* at 3–4. Taking Petitioner's age and medical condition into account, the Court sentenced Petitioner to 212 months' imprisonment—a 50-month downward variance from the bottom of the guidelines. *Id.* at 11. Petitioner did not appeal.

On July 18, 2022, Petitioner filed the instant Motion for postconviction relief. Civ. Dkt. 3. Petitioner avers that his counsel was ineffective for failing to argue that: (I) sections 841 and 846 violate the Fifth Amendment's Due Process Clause as being unconstitutionally vague; (II) Petitioner's convictions under section 841 and Fla. Stat. § 893.13 do not qualify as controlled substance offenses under section 4B1.2; and (III) section 846 does not qualify as a controlled substance offense under the same. Civ. Dkt. 3-1. On October 20, 2022, Respondent filed its opposition. Civ. Dkt. 10.

On May 5, 2023, Petitioner filed a supplement to the instant Motion. Civ. Dkt. 11-1. Petitioner notes that, under *United States v. Dupree*, 57 F.4th 1269, 1271 (11th Cir. 2023), section 846 is no longer a controlled substance offense within the

meaning of the career offender guideline. Petitioner consequently argues that he should not have received the career offender enhancement. Respondent maintains that *Dupree* offers Petitioner no retroactive relief. Civ. Dkt. 14 at 2–3.

## STANDARD OF REVIEW

On collateral review, the petitioner "has the burden of proof and persuasion on all the elements of his claim." In re *Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016). This is "a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 164–66 (1982); for, "[w]hen the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence" at issue. *Moore*, 830 F.3d at 1272 (citations omitted). "[I]f the Court cannot tell one way or the other" whether the petitioner's claim is valid, the petitioner has "failed to carry his burden of showing all that is necessary to warrant § 2255 relief." *Id*. at 1273.

## DISCUSSION

### I.   *Dupree*

The Court begins with Petitioner's supplemental *Dupree* claim. In *Dupree*, the Eleventh Circuit overturned prior precedent and held that the definition of a "controlled substance offense" in section 4B1.2(b) does not include inchoate offenses. 57 F.4th at 1280. This is ostensibly significant for Petitioner; indeed, conspiracy is an inchoate offense, and Petitioner's instant conspiracy conviction

under section 846 served as the controlled substance offense predicate for Petitioner's career offender enhancement under section 4B1.2(b). It follows that Petitioner would not have received the career offender enhancement had *Dupree* been decided at the time of his sentencing.

Unfortunately, however, *Dupree* was decided in January 2023, nearly a year after Petitioner's sentencing. As the Eleventh Circuit has explained, "[f]or a new rule to be retroactive [on collateral review], the Supreme Court must make it retroactive to cases on collateral review." *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000) (citation omitted). The Supreme Court has done no such thing. Accordingly, *Dupree* offers no relief. *See United States v. Lee*, No. 8:18-CR-572-SDM-AEP, 2023 WL 1781648, at *3 (M.D. Fla. Feb. 6, 2023) (finding that "*Dupree* cannot be applied retroactively"). It does not apply retroactively to Petitioner.

## II.   Ineffective Assistance of Counsel

The Court now turns to Petitioner's ineffective assistance of counsel claims. Counsel is ineffective under the Sixth Amendment if "(1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense such that petitioner was deprived of a fair trial." *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner claiming ineffective assistance of counsel carries the burden of establishing both prongs. *Strickland*, 466 U.S. at 687.

To establish deficient assistance under *Strickland* a petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id*. at 688. The test is not "what the best lawyers" or "what most good lawyers would have done." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992). Instead, the question is "whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Id*.

To establish resulting prejudice under *Strickland* a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. If the petitioner fails to establish either of the *Strickland* prongs, his claim fails. See *Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005).

a. **Ground I**

Petitioner first argues that his counsel was ineffective for failing to argue that sections 841 and 846 violate the Fifth Amendment's Due Process Clause as being unconstitutionally vague. Civ. Dkt. 3-1 at 2.

This claim is meritless. Courts have repeatedly rejected constitutional challenges to the CSA and the specific statutory provisions Petitioner complains of. *See Gonzales v. Raich*, 545 U.S. 1, 9 (2005) (upholding the CSA generally as a valid exercise of Congressional power under the Commerce Clause); *United States v.*

6

*Wilson*, 238 F. App'x 571, (11th Cir. 2007) (same); *United States v. Cooper*, 606 F.2d 96, 98 (5th Cir. 1979) (finding that "Section 846 withstands scrutiny under the Fifth Amendment" because it "adequately informs the public of the criminal potential of the conduct proscribed"). This being the case, counsel would not have succeeded in raising this issue during Petitioner's sentencing. Counsel, moreover, was not ineffective for failing to raise the meritless issue. *See Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim."). Petitioner is entitled to no relief on Ground I.

b. **Ground II**

In Ground II, Petitioner argues that counsel was ineffective for failing to argue that his convictions under section 841(a) and Fla. Stat. § 893.13 are not controlled substance offenses as defined in section § 4B1.2 and clarified in *United States v Jackson*, 36 F.4th 1294 (11th Cir.) (*Jackson I*), vacated, No. 21-13963, 2022 WL 4959314 (11th Cir. Sept. 8, 2022), and superseded, 55 F.4th 846 (11th Cir. 2022) (*Jackson II*), pet. for cert. filed, No. 22-6640 (Jan. 26, 2023). Civ. Dkt. 3-1 at 8.

The Court disagrees. As an initial matter, in *Jackson I* and *Jackson II*, the Eleventh Circuit considered which version of the Controlled Substance Act Schedule to incorporate into the definition of "serious drug offense" under the Armed Career Criminal Act (the "ACCA"). *Jackson II*, 55 F.4th at 849. Petitioner was not charged under the ACCA, but rather the CSA. Accordingly, because the career offender

7

guideline does not reference or incorporate the CSA, the *Jackson* opinions are inapposite to Petitioner's case.

More importantly, though, the career offender guidelines define a "controlled substance offense" simply as an offense, under federal or state law, that prohibits certain drug-related activities. *United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017). The Eleventh Circuit has consistently held that a violation of Fla. Stat. § 893.13(1)(a) is a controlled substance offense under the career-offender guidelines. *See id.* at 1197–98; *United States v. Smith*, 775 F.3d 1262, 1266–68 (11th Cir. 2014). And, at the time of Petitioner's sentencing, a federal conviction under sections 841(a) or 846 clearly qualified as a "controlled substance offense" under the career offender guidelines as well. *See United States v. Evans*, 358 F.3d 1311, 1312 (11th Cir. 2004) (finding that an offense covered by sections 841(a)(1) and 846 qualified as a controlled substance offense). This means that counsel could not have succeeded in arguing that Petitioner's predicate convictions were improperly treated as controlled substance offenses at sentencing. Petitioner is entitled to no relief on Ground II—counsel was not ineffective, and Petitioner was not prejudiced.

### c. Ground III

Finally, in Ground III, Petitioner argues that counsel was ineffective for failing to argue that a violation of section 846 is not a "controlled substance offence" as defined under section 4B1.2(b) due to the Supreme Court's opinions in *Salinas v.*

8

*United States*, 547 U.S. 188 (2006) and *Stinson v. United States*, 508 U.S. 36 (1993). Civ. Dkt. 3-1 at 9.

This claim is baseless. In *Salinas*, a two paragraph opinion, the Supreme Court merely determined that the Fifth Circuit erred in treating the petitioner's "conviction for simple possession as a 'controlled substance offense'" under section 4B1.1(a). 547 U.S. at 188. *Stinson*, on the other hand, concerned the definition of a "crime of violence" and said nothing about the meaning of a "controlled substance offence." 508 U.S. 36. These cases are therefore completely irrelevant to Petitioner's case. Petitioner was convicted of conspiring to distribute five kilograms or more of cocaine, not simple possession or a crime of violence.

As previously noted, at the time of Petitioner's conviction, conspiring to distribute five kilograms or more of cocaine qualified as a controlled substance offense under the career offender guidelines. *See generally United States v. Weir*, 51 F.3d 1031 (11th Cir. 1995), overruled by *Dupree*, 57 F.4th 1269. Counsel cannot be labeled ineffective for failing to raise a meritless objection, *see Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990), or foresee future development of the law. *See Thompson v. Wainwright*, 787 F.2d 1447, 1460 n.8 (11th Cir. 1986) (finding that "defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law"). Petitioner is entitled to no relief.

### III. Evidentiary Hearing and Certificate of Appealability ("COA")

Given the forgoing discussion, Petitioner is not entitled to an evidentiary hearing. "A petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (internal quotations and citations omitted). Hence, to demonstrate entitlement to an evidentiary hearing on an ineffective assistance of counsel claim, a petitioner must allege "facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." *Hernandez v. United States*, 778 F.3d 1230, 1232–33 (11th Cir. 2015). "[A] district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous[.]" *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (citation omitted).

Here, all of Petitioner's claims lack merit. Petitioner has not demonstrated sufficient facts to substantiate his claim of counsel's deficiency or establish prejudice resulting from counsel's performance. Nor has Petitioner demonstrated any entitlement to retroactive relief through *Dupree*. Accordingly, Petitioner is not entitled to relief and summary dismissal is appropriate. *See Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (finding that "a district court faced with a § 2255 motion may make an order for its summary dismissal [i]f it plainly appears

from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief").

Petitioner is similarly not entitled to a COA. A petitioner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner has made no such showing. Petitioner is therefore entitled to neither a certificate of appealability nor to proceed on appeal in *forma pauperis*.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 3) is **DENIED**.

(2) A certificate of appealability and leave to appeal *in forma pauperis* is **DENIED**.

(3) The Clerk is directed to enter judgment in favor of Respondent and close this case.

**DONE AND ORDERED** at Tampa, Florida, on August 1, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**<u>COPIES FURNISHED TO</u>**:
Counsel of Record
Petitioner, *pro se*