# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JAMES MOORE**,

      Petitioner,

v.                                    Case No. 8:22-cv-1598-WFJ-MRM

**UNITED STATES OF AMERICA**,

      Respondent.

_____/

## ORDER[1]

Before the Court is James Moore's ("Petitioner") Motion for Reconsideration (Civ. Dkt. 20) concerning the Court's Order (Civ. Dkt. 16) denying Petitioner's Motion to Vacate / Set Aside / Correct Sentence (Civ. Dkt. 3). Upon careful review, the Court declines to reverse its ruling.

## BACKGROUND

Between June 14, 2019, and October 31, 2019, Petitioner participated in a conspiracy to distribute cocaine and heroin in the Middle District of Florida. Cr. Dkt. S-390 at 6. He was ultimately charged with three counts in an eleven count

---

[1] In this civil case, citations to the civil docket will be denoted as "Civ. Dkt. [document number]." Citations to Petitioner's prior criminal case, 8:20-cr-220-WFJ-MRM-5, will be denoted as "Cr. Dkt. [document number]."

indictment lodged against all the conspirators: Count I—conspiracy to distribute and possess with intent to distribute controlled substances in violation of the Controlled Substance Act (the "CSA"), 21 U.S.C §§ 846(b)(1)(A) and 841(b)(1)(B); and Counts IX & X—distributing a controlled substance containing a detectable amount of cocaine in violation of §§ 841(a)(1) and 841(b)(1)(C). Cr. Dkt. 1 at 1–7.

On August 3, 2021, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing cocaine in violation of section 846. Cr. Dkt. 271 at 1. The Court held a change-of-plea hearing two days later. Cr. Dkt. 461. After a series of questioning— during which Petitioner admitted to the facts underlying his plea agreement, expressed his understanding of the rights he was waiving, and stated his satisfaction with counsel—the Court found that Petitioner was entering into his guilty plea both freely and voluntarily with the advice of counsel. *Id.* at 9–19. The Court accepted the plea.

Prior to sentencing, the United States Probation Office produced a Presentence Investigation Report ("PSR"). Cr. Dkt. S-390. The PSR established a thirty point base offense level. *Id.* at 13. Petitioner was then given: (1) a seven point career offender enhancement pursuant to U.S.S.G. §4B1.1 due to Petitioner's prior adult state felony convictions for controlled substance offenses, and instant controlled substance offense; and (2) a three point deduction due to Petitioner's

Case 8:22-cv-01598-WFJ-UAM   Document 21   Filed 08/31/23   Page 3 of 5 PageID 158

acceptance of responsibility. *Id.* at 13–14. With a total offense level of thirty-four points and a criminal history category of IV, the PSR calculated Petitioner's advisory guidelines at a range of 262 to 327 months' imprisonment. *Id.* at 33.

On March 3, 2022, the Court held a sentencing hearing. Cr. Dkt. 462. Neither Petitioner nor Respondent objected to the PSR's findings. *Id.* at 3–4. Taking Petitioner's age and medical condition into account, the Court sentenced Petitioner to 212 months' imprisonment—a 50-month downward variance from the bottom of the guidelines. *Id.* at 11. Petitioner did not appeal.

On July 18, 2022, Petitioner filed a motion for postconviction relief. Civ. Dkt. 3. Petitioner averred that his counsel was ineffective for failing to argue that: (I) sections 841 and 846 violate the Fifth Amendment's Due Process Clause as being unconstitutionally vague; (II) Petitioner's convictions under section 841 and Fla. Stat. § 893.13 do not qualify as controlled substance offenses under section 4B1.2; and (III) section 846 does not qualify as a controlled substance offense under the same. Civ. Dkt. 3-1. On October 20, 2022, Respondent filed its opposition. Civ. Dkt. 10.

On May 5, 2023, Petitioner filed a supplement to his motion for postconviction relief. Civ. Dkt. 11-1. Petitioner noted that, under *United States v. Dupree*, 57 F.4th 1269, 1271 (11th Cir. 2023), section 846 is no longer a controlled substance offense within the meaning of the career offender guideline. Petitioner

consequently argued that he should not have received the career offender enhancement.

On August 1, 2023, the Court denied Petitioner's motion for postconviction relief. Civ. Dkt. 16. The Court found that Petitioner's ineffective assistance of counsel claims were meritless. The Court also found that, while "Petitioner would not have received the career offender enhancement had *Dupree* been decided at the time of his sentencing[,]" "[i]t does not apply retroactively to Petitioner." *Id.* at 5.

On August 24, Petitioner filed the instant Motion for Reconsideration. Civ. Dkt. 20. Petitioner essentially recycles the arguments made in his initial motion for postconviction relief.

## DISCUSSION

"Reconsideration of a prior order is an extraordinary remedy to be used sparingly." *Drew v. Ocwen Loan Servicing, LLC*, No. 8:14-CV-369-T-26TGW, 2014 WL 10504424, at *1 (M.D. Fla. Apr. 29, 2014). "[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted). Litigants who assert clear error and manifest injustice should consider "whether what may seem to be a clear error is in fact simply

4

a point of disagreement between the Court and the litigant." *Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Petitioner presents no reason to utilize the extraordinary remedy of reconsideration here. There has been no intervening change in controlling law, nor has any new evidence become available. What is more, the "error" Petitioner complains of clearly represents a disagreement between the Court and Petitioner concerning the import of caselaw the Court discussed in its previous ruling.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Petitioner's Motion for Reconsideration (Civ. Dkt. 20) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on August 31, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Petitioner, *pro se*

5